# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

CECIL GREEN,

      Plaintiff,

v.                                              Case No. 2:15-cv-02664

STATE OF WEST VIRGNIA,
BOONE COUNTY CIRCUIT COURT,
BOONE COUNTY STATE ATTORNEY,
JENNIFER ANDERSON, Assistant Prosecuting Attorney,
WILLIAM THOMPSON, Judge,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On March 6, 2015, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 1) and an Affidavit or Declaration to Proceed In Forma Pauperis (ECF No. 1). On March 20, 2015, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 5). This matter is assigned to the Honorable Thomas E. Johnson, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A.[1] This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations

---

[1] The plaintiff is a prisoner who also seeks to proceed *in forma pauperis*. Thus, both of these statutory provisions are applicable in this case.

in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

* * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

## **THE PLAINTIFF'S ALLEGATIONS**

The plaintiff's Complaint addresses several issues concerning his convictions in the Circuit Court of Boone County, West Virginia. Specifically, the Complaint alleges as follows:

> The plaintiff appeared before Judge Thompson and the Boone County Circuit Court (Dec 19, 2013-July 11, 2014). Present at this hearing were
> 1) Billy Joe Stedman
> 2) Haylie Stedman
> 3) Shawn Harper
> All to be deposed and called as witnesses on the plaintiff's behalf. At one hearing in particular, the state attorney Jennifer Anderson admitted when questioned by the judge that all she had in the way of evidence was "a black image." The plaintiff's girlfriend, Shawn Harper, reacted by simply shaking her head. The judge knowing there was no case against the plaintiff lashed out ordering her to leave the courtroom. Doing as she was ordered she spoke to the plaintiff as she was leaving - trying to console him. The judge charged her with contempt and ordered her to be arrested. After a short "off the record" conversation with the state attorney – they came to the plaintiff with an ultimatum – they would release his girlfriend "only" if he would

3

> plea[d] guilty to the charge. This is nothing short of the state attorney and Circuit Judge conspiring together to not just "extort and threaten" but to hold a person's loved one hostage and negotiate a price for her release – that's kidnapping. Action like this from state officials simply rock the foundation of our legal system. This is a clear violation of the plaintiff's civil and constitutional rights. It's also a violation of the civil rights of Shawn Harper. This court also contend there was a hearing on Oct 11, 2012 stating "clearly" the plaintiff appeared in person. This did not happen. It's a fabricated story by the state to try and cover the deliberate indifference to the health, welfare and safety of this plaintiff. These officials are [illegible] acting in color of the law. We are not a 3rd world country where we can take hostages and demand a ransom for the release. In our nation and under our constitution such acts are known as "acts of terrorism." This court should not and cannot allow state officials to act in such a manor [sic; manner]. They must be held accountable for their actions.

(ECF No. 1 at 2-3). The Complaint seeks monetary damages and the suspension or disbarment of Ms. Anderson and Judge Thompson.

On April 13, 2015, the plaintiff filed an "Emergency Supplement/Additional Documentation" (ECF No. 7), in which he alleges that he was being held in custody beyond his discharge date in violation of an agreement made by the Circuit Court to run his sentences concurrently. Therefore, he requests his immediate release from confinement. (*Id.*)

## ANALYSIS

There are several reasons that the plaintiff's Complaint and the Emergency Supplement should be dismissed for failure to state a claim upon which relief may be granted, each of which will be addressed herein.

**A. The plaintiff's claims and his request for release from confinement must be addressed in a petition for a writ of habeas corpus and the plaintiff has not exhausted available state court remedies.**

The plaintiff's claims concerning the conduct of the prosecutor and the Circuit Court judge during his criminal proceedings, and his attendant requests to be released

4

from confinement, amount to requests to grant habeas corpus relief, and necessarily call into question the validity of the plaintiff's conviction. His request to be immediately released contained in his Emergency Supplement concerning his sentence calculation must also be first addressed in a habeas corpus petition in the state courts.

The plaintiff has not demonstrated that he has exhausted his available state court habeas corpus remedies; thus, this court cannot presently grant such relief. *See* 28 U.S.C. § 2254(b)(1)(A). The plaintiff must first present these claims to the state courts.

### B. The plaintiff's damages claims are presently barred.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

In the instant case, the plaintiff seeks monetary damages resulting from alleged improprieties during his criminal prosecution, which he claims resulted in his coerced conviction. However, he has not demonstrated that his criminal proceedings have been invalidated. Therefore, because the plaintiff's Complaint seeks damages in a section 1983 suit and, because it appears that his allegations bear on the validity of his criminal proceedings, he may not seek damages under section 1983 unless and until he can show that his conviction and sentence have been invalidated. Accordingly, the undersigned

5

proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for monetary damages against the defendants is barred under *Heck v. Humphrey.*

### C. Judge Thompson is absolutely immune from liability on the plaintiff's claims against him.

The plaintiff has named the Honorable William Thompson, Judge of the Circuit Court of Boone County, as a defendant. Concerning the allegations contained in the Complaint, Judge Thompson was a judicial officer who was engaged in his official judicial duties in connection with the plaintiff's case when all of the challenged conduct allegedly occurred. It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.* Due to the clear and unequivocal application of absolute judicial immunity, the plaintiff's claims against Judge Thompson should be dismissed with prejudice.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint against defendant Thompson is barred by absolute judicial immunity and, thus, fails to state a claim upon which relief can be granted against him.

**D. Assistant Prosecuting Attorney Jennifer Anderson is also absolutely immune from liability with respect to the plaintiff's claims against her.**

The plaintiff has also named Boone County Assistant Prosecuting Attorney Jennifer Anderson, and the "Boone County State Attorney"[2] as defendants herein. However, a prosecutor is a "quasi-judicial" officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. In *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), the Supreme Court reviewed its rulings in cases addressing absolute and qualified immunity of public officials as follows:

> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976), we held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. * * * We concluded that the common-law rule of immunity for prosecutors was "well settled" and that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id.* at 424, 96 S. Ct., at 992. Those considerations supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the judicial phase of the criminal process." *Id.,* at 430, 96 S. Ct., at 995. * * *
>
> We applied the *Imbler* analysis two Terms ago in *Burns v. Reed,* 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991). There the § 1983 suit challenged two acts by a prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in a probable-cause hearing. We held that only the latter was entitled to absolute immunity. Immunity for that action under § 1983 accorded with the common-law absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings. *Id.*, at 489, 111 S. Ct. at 1941-42; *id.*, at 501, 111 S. Ct. at 1947.

509 U.S. at 269-70. "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id.,* at 271-72.

---

[2] In West Virginia, the county prosecuting attorney is the equivalent of a "state attorney."

To the extent that the plaintiff's Complaint contains specific allegations against Ms. Anderson, it would appear that the actions taken by Anderson with respect to the plaintiff were discretionary decisions related to the prosecution of the plaintiff's criminal case, for which actions defendant Anderson and her office are absolutely immune, under the holding of *Imbler*. These actions were "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that defendant Anderson is absolutely immune from suit on the plaintiff's claim for damages and, thus, the Complaint fails to state a claim upon which relief may be granted against him.

### E. Eleventh Amendment immunity.

To the extent that the plaintiff has also sued the State of West Virginia, the Boone County Circuit Court, which is supervised by the Supreme Court of Appeals of West Virginia (the "SCAWV") and, thus, is as an arm of the State of West Virginia, and Judge Thompson, who, in his official capacity, is also supervised by the SCAWV, those defendants are also immune from suit for monetary damages under the Eleventh Amendment of the United States Constitution and are not persons who can be sued under 42 U.S.C. § 1983 . In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under § 1983.

Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary

liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the State of West Virginia, the Boone County Circuit Court, is not a proper party who can be sued under 42 U.S.C. § 1983 and is immune from liability for monetary damages under the Eleventh Amendment.

### F. The plaintiff lacks standing to raise any claims on behalf of Shawn Harper.

To state a federal civil rights claim, a plaintiff must allege that he, himself, sustained a deprivation of the rights, privileges or immunities provided by the United States Constitution or federal law. *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977). In the instant matter, the plaintiff alleges claims on his own behalf, as well as on behalf of his girlfriend, Shawn Harper, who was allegedly charged with contempt of court.

To demonstrate standing, the plaintiff must allege a personal injury fairly traceable to a defendant's allegedly unlawful conduct that may be addressed by the requested relief. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Thus, the plaintiff lacks standing to present any claims on behalf of Shawn Harper.

### RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint (ECF No. 1) and Emergency Supplement (ECF No. 7) fail to state a claim upon which relief can be granted. It is respectfully

**RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 5), with a waiver of the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnson, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

November 7, 2017

Dwane L. Tinsley
United States Magistrate Judge